UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Case No. HG 07-09179

LARRY D. ERICKSON, JR. and
CINDY L. ERICKSON,

    Debtors.
_____/

### SCHEDULING ORDER RE: MAY 19, 2008 OBJECTION

At a session of said Court of Bankruptcy, held in and for said district on   DEC 1 1 2008  .

PRESENT:    HONORABLE JEFFREY R. HUGHES
                      United States Bankruptcy Judge

On December 4, 2008, the court held a status conference with respect to Trustee's May 19, 2008 objection to Debtors' claimed exemptions. The purpose of the status conference was to discuss the remaining contested issues concerning Trustee's objection. *See*, November 17, 2008 Order (DN 43).

This scheduling order sets the date for the evidentiary hearing regarding these remaining issues and addresses pre-hearing deadlines concerning the same.

### Issue

Debtors have amended their Schedule B to disclose 2007 tax refunds and have amended their Schedule C to claim those refunds as exempt. Trustee contends that the remaining Section 522(d)(5) exemption available to them is insufficient to permit Debtors' exemption of all of the 2007 tax refunds that they now claim under that subsection. Trustee's position is in part based upon his further contention that Debtors may not now eliminate some of their previously claimed Section 522(d)(5) exemptions to make "availability" because those exemptions were in-kind and, as such, were removed from the estate because Trustee did not object to them. 11 U.S.C. § 522(*l*).

No other issue requiring proofs will be considered at the evidentiary hearing without cause shown.

### Discovery

All discovery in this contested matter shall be completed by **January 23, 2009**. For purposes of this order, outstanding requests for admissions, requests for production, or interrogatories will not be deemed complete unless the time required under the applicable rule to respond to the discovery

has passed. The parties may agree without court order to conduct discovery after the discovery cut-off date.

## Witness and Exhibit Lists

The parties shall exchange and file with the Court (original plus two copies for the judge's chambers) their respective witness lists on or before **January 30, 2009**. A copy of each party's witness list shall also be filed with the Court (original plus two copies). The information in the witness list shall include that which is required by Fed. R. Bankr. P. 7026(a)(3)(A) & (B).

On or before **January 30, 2009**, each party shall exchange and file with the Court (the original and two (2) copies for the judge's chambers) an index of exhibits that party intends to introduce into evidence at trial. Exhibits intended for rebuttal purposes only need not be designated. The information in the index of exhibits shall include that which is required by Fed. R. Bankr. P. 7026(a)(3)(C). The Trustee's exhibits shall be indexed as "Trustee's Exhibits 1, 2, 3, etc." Debtors' exhibits shall be indexed as "Debtors' Exhibits A, B, C, etc."

Each party shall also serve upon the other party(ies) a copy of each exhibit identified in the index filed with the court at the same time the index is filed. Each exhibit shall be marked to correspond to its designation in the index (*e.g.*, Plaintiff's Ex. 1, etc.). If there are more than 10 exhibits identified in the index, then the exhibits shall be bound. **The exhibits to be served upon the other party(ies) are not to be filed with the court.** However, two (2) copies of the exhibits should be delivered to the judge's chambers at the same time that copies are being delivered to the other party(ies).

The purpose of the required exchange of witness lists and indexed exhibits is to minimize the risk of a party being unfairly surprised at trial and to facilitate the efficient use of the time allocated for trial. Failure to comply with the required exchange may result in sanctions pursuant to Fed. R. Bankr. P. 7016(f), including, but not limited to, the refusal to allow an undisclosed witness to testify or the refusal to admit an undisclosed exhibit.

The parties are encouraged to stipulate to the admission of exhibits before trial and, when possible, to submit a joint exhibit book in lieu of separate exhibit books. However, a joint exhibit book will be accepted only if all parties agree that all exhibits to be offered in the trial by any of the parties (with the exception of rebuttal exhibits) are included in the joint exhibit book.

Consistent with Fed. R. Bankr. P. 7026(a)(3), each party shall serve and properly file by **February 6, 2009**, a list disclosing (1) any objections to the use under Fed. R. Bankr. P. 7032(a) of a deposition designated by another party and (2) any objections, together with the grounds therefore, that may be made to the admissibility of any exhibits identified by another party in the index filed with the Court. Failure to disclose an objection other than an objection based upon FRE 402 or 403 will constitute a waiver of that objection at trial unless excused by the Court for good cause.

### Trial Briefs

A trial brief can be an effective advocacy tool since it outlines for the Court the party's proofs and legal arguments before the actual trial. A trial brief should include both a statement of the material facts which the party intends to establish at trial and the application of those facts to the pertinent legal issues. Trial briefs are encouraged but not required. All trial briefs must be filed with the Court (together with two (2) copies for the judge and his clerk) and served upon all other parties by no later than **February 6, 2009.**

### Settlement

The Court encourages settlement and directs the parties to make a good faith effort to resolve this matter. The parties, by mutual agreement, may at any time request the Court to hold a status conference to facilitate settlement.

### Hearing Date

An evidentiary hearing will be held on **February 10, 2009 at 10:00 a.m.** **at the United States Bankruptcy Court, One Division NW, Third Fl., Courtroom C, Grand Rapids, Michigan. One hour has been reserved**. No adjournment or rescheduling of the hearing shall be permitted by the court unless good cause is shown by the party who is requesting adjournment pursuant to a motion filed with the court and served upon all other parties.

Evidentiary hearings regarding similar objections are also scheduled for this same day. The court, therefore, may reschedule the hearing for an earlier time in the event one or more of those other matters settle. The court will advise the parties of any rescheduled time. The parties may also contact Judge Hughes' law clerk, Dennis Chamberlain at (616) 456-2907, to determine whether their hearing time has been changed.

_____  12/11/08
Honorable Jeffrey R. Hughes
United States Bankruptcy Judge

**PLEASE NOTE:** The above hearing may be adjourned or continued one or more times by telephonic or written request if no objection is made at the hearing or by oral request at the hearing if no objection is made or if the objection is overruled. The court may also sua sponte adjourn or continue the hearing one or more times. If an adjournment or continuance of the above hearing is permitted, parties in interest will not be given written notice of the adjourned or continued date or any subsequent adjournment or continuance. Information regarding the time, date and place of any adjourned or continued hearing may be accessed through the Bankruptcy Court's web site (www.miwb.uscourts.gov) provided the person has a PACER login and password, or by visiting the Clerk's Office of the United States Bankruptcy Court located at One Division NW, 2nd Floor, Grand Rapids, Michigan. Information about a PACER login and password may

3

be obtained by either contacting the PACER service center by telephone between 8:00 a.m. and 5:00 p.m. Monday through Friday CST at (800) 676-6856 or via its web site at http://pacer.psc.uscourts.gov.

A copy of this order has been served by the court pursuant to its CM/ECF electronic notification procedures upon:

William J. Napieralski, Esq.
Mitchell J. Hall, Esq.
Jeff A. Moyer, Ch. 7 Trustee

and served pursuant to first-class United States mail upon: (    DEC 1 1 2008    )

Roger G. Cotner, Esq.
220 Franklin Avenue
P. O. Box 838
Grand Haven, MI  49417

4