UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

LARRY D. ERICKSON, Jr.,

and                                                    CASE NO. 07-09179-jrh

CINDY L. ERICKSON,

Debtors.

_____/

**DEBTORS, LARRY D. ERICKSON AND CINDY L. ERICKSON MOTION TO ENFORCE BANKRUPTCY AUTOMATIC STAY AND REQUEST FOR SANCTIONS**

COMES NOW the Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, by and through undersigned counsel, and files this Motion, and state as follows:

1. That the Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, filed a Petition For Relief under Title 11, United States Code, in the United States Bankruptcy Court, Western District of Michigan, being case number being 07-09179-jrh.

2. The Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, retained and paid the law firm of NAPIERALSKI AND WALSH, P.C. to prepare and complete this Chapter 7 Bankruptcy case.

3. The Law Firm of NAPIERALSKI AND WALSH, P.C. made it very clear to Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, that any and all attorney fees had to be paid in full and in advance of the filing of the Petition since the Chapter 7 was intended to be a fresh start and no additional fees or attorney fees could be collected at a later date.

4. That the Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, were represented by the law firm of NAPIERALSKI AND WALSH, P.C. up until such time as their attorney was disqualified from practice of law for 120 days. A copy of the Advice of Disqualification of Attorney was filed with this Honorable Court.

5. Subsequent to the withdrawal of, NAPIERALSKI AND WALSH, P.C, attorney Bill Napieralski stated that he would have attorney Roger G. Cotner fill in for the law firm of NAPIERALSKI AND WALSH, P.C. and Debtors were not aware of any obligations to pay any

other law firm and clearly stated they had no additional funds to pay any other law firms to represent the Debtors.

6. Subsequently, the Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, received a letter in the mail stating that attorney Roger G. Cotner could be retained for a fee of $1500.00 and the Defendants, LARRY D. ERICKSON and CINDY L. ERICKSON, clearly stated to Bill Napieralski that they could not afford to retain another attorney or law firm.

7. Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, had to attend a bankruptcy hearing in April 2009, and unbeknownst to Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, attorney Peter Walsh showed up on behalf of Debtors and an attorney named Roger G. Cotner also showed up even though Debtors did not request them to show up at the hearing and clearly stated that they had no money to pay any attorneys to represent them in the case.

8. Attorney, Roger G. Cotner, and his law firm were never retained by Debtors to represent the Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON.

9. Attorney Roger G. Cotner does not have a written retainer agreement signed by Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON, as required by the Bankruptcy Code pursuant to 11 U.S.C. 528 (a). The undersigned attorney has also requested a copy of any executed retainer agreement between Debtors and Roger G. Cotner or his office, on three (3) separate occasions, from attorney Ross B. Reuterdahl, and this request has been completely ignored.

10. According to the Bankruptcy case, attorney William J. Napieralski, was the attorney of record until September 14, 2009, when there was an Order signed by Honorable Jeffrey R. Hughes that allowed William J. Napieralski to withdraw from representation.

11. That if the law firm of NAPIERALSKI AND WALSH, P.C. had retained Roger G. Cotner then the law firm of NAPIERALSKI AND WALSH, P.C., would be obligated to pay Roger G. Cotner and not the Debtors, LARRY D. ERICKSON and CINDY L. ERICKSON.

12. It appears from the letter dated September 22, 2009 that was filed with this Bankruptcy Court clearly indicates there were some misrepresentations to the Bankruptcy Court, made by the attorneys on this Case.

13. In spite of knowledge of the pending Bankruptcy Case in the Western District of Michigan, and also the Automatic Stay the Plaintiffs continue to attempt to collect from the Debtors and continue to show the Bankruptcy Court complete disrespect.

14. Although never retained by Debtors, attorney Roger G. Cotner, by and through his attorney Ross Reuterdahl, filed a case in the 58th Judicial Court being Case Number GH-09-15396-GC and obtained a default judgment against Debtors. The Debtors did not have any money to defend themselves or file any response and clearly understood that they would obtain a fresh start and that all the prior debts would be extinguished.

15. The Debtors filed a Suggestion of Bankruptcy in the state court case and a hearing was held on June 28, 2010, and upon information and belief the State Court Judge stated the Roger G. Cotner could proceed with the state court action irrespective of the Bankruptcy Case.

16. That Debtors were told at the Court hearing, on June 28, 2010, that they had even confiscated personal property from the Debtors without any warning to Debtor and with full knowledge of the pending Bankruptcy Case.

17. The Debtors have no idea what property was taken and were not aware that the Roger G. Cotner or his representatives could go in to Debtors property, without any knowledge and through any means and take properties of the Debtors without his knowledge and while the Bankruptcy Case and Automatic Stay were still in force.

18. Debtors LARRY D. ERICKSON and CINDY L. ERICKSON, brings this to the attention of the Court in order to have the Court allow the Debtors to maintain a fresh start as to be afforded via the bankruptcy process. A copy of an Affidavit from LARRY D. ERICKSON is attached as Exhibit "A".

19. Debtors request that the Court use its authority to grant sanctions pursuant both to Rule 9011 of the Federal Rules of Bankruptcy Procedure and 11 USC 105 and to the equitable powers of the Court.

**WHEREFORE**, Debtors request that the Court order Roger. G. Cotner and his attorneys cease all attempts to collect from the Debtor and debt alleged to be owed and grant the Debtors money damages, and grant the Debtor attorney fees as to be determined by this Honorable Court, costs, and expenses in an amount to be determined for the necessity of having to file this motion and attend any hearings.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by US Mail to Attorney for Roger G. Cotner the Plaintiff in Case GH-09-15396-GH, Ross B. Reuterdahl, 250 Washington Avenue, Grand Haven, MI. 49417 on this ___ day of June, 2010.

Respectfully Submitted,
By: _____
DENNIS J. BESSEY, ESQ.
BESSEY LAW, PA
Counsel for the Above Named Defendants
4432 Duncan Road
Punta Gorda, Florida 33982
Phone: 941-575-6621
Fax: 941-575-0974
Email: dbessey@besseylaw.com
Michigan Bar No. P-58203

Affidavit
(Debtor—Larry Erickson)

State of Michigan )
 )ss
County of   Ottawa   )

BEFORE ME, the undersigned authority, personally appeared Larry D. Erickson ("Debtor") who, first duly sworn upon oath, depose and say:

1. That my wife, Cindy L. Erickson and myself, retained the Law Firm of Napieralski and Walsh, P.C. to prepare our Chapter 7 Bankruptcy being Case Number 07-09179-jrh.

2. My wife and I filed the Chapter 7 bankruptcy case in order to obtain a fresh start.

3. That Mr. Roger G. Cotner, by and through his attorney, Ross B. Reuterdahl, filed a case against me and my wife, in the 58th Judicial Court being Case Number GH-09-15396-GC.

4. That I had never retained the services of Roger G. Cotner or his law firm.

5. That I clearly understood that any and all debts would be discharged in the Chapter 7 proceeding, including Case Number GH-09-15396-GC, and we did not have any funds to defend ourselves in the case in which Mr. Roger G. Cotner filed against my wife and myself.

6. The court entered a Default Judgment against us in Case Number GH-09-15396-GC.

7. I filed a Suggestion of Bankruptcy in the Court case being Number GH-09-15396-GC.

8. Roger G. Cotner by and through his attorney files a Motion to Quash the Suggestion of Bankruptcy and a Hearing to Quash the Suggestion of Bankruptcy was held on June 28, 2010.

9. I appeared at the Hearing to Quash the Suggestion of Bankruptcy, and attempted to explain the situation and the pending bankruptcy case to the Judge however the Judge stated the Roger G. Cotner could proceed with the state court action and all collection efforts, regardless of the Bankruptcy case.

10. That my wife and I are constantly harassed by repossession companies and other collectors and they continue to attempt to take our remaining personal property and personal vehicles.

11. At the hearing that was held on June 28, 2010, the attorney for Roger G. Cotner stated that they had already confiscated personal property of mine without my knowledge.

12. That although my wife and I had been promised a fresh start that has not occurred since we filed this case in 2007.

**Under penalties of perjury**, I declare that I have read the foregoing Affidavit and that the facts stated in it are true.

_____
Larry D. Erickson, Jr.

The foregoing instrument was sworn to and subscribed before me this 29 day of June, 2010, by Larry D. Erickson, Jr., who is ( ) personally known to me or (✓) produced a valid Driver's License or Passport as identification.

[Notary stamp:
ADAM G WELLS
Notary Public - Michigan
Ottawa County
My Commission Expires Nov. 16, 2016
Acting in the County of Ottawa]

Signature of Notary Public _____
Print Name: Adam Wells
My Commission Expires: Nov 10 2016

m:\1-legal clients\erickson, larry\affidavit.docx